AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| CHERYL LOIS RICHARDSON | ) | Case Number: 3:11-CR-120-LRH-WGC |
| aka Cheryl Kluender (True Name) | ) | |
| | ) | USM Number: 46363-048 |
| | ) | |
| | ) | Cheryl Field-Lang, CJA |
| | | Defendant's Attorney |

**THE DEFENDANT:**

(X) pleaded guilty to count(s) 2 of the Indictment filed 10/19/11

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
After a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- | --- |
| 18 U.S.C. § 1709 | Embezzlement by Postal Service Employee | 4/25/11 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

(X) Count(s) 1 and 3 - 12 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/28/12
Date of Imposition of Judgment

*/s/ Larry R. Hicks*
Signature of Judge

Larry R. Hicks, United States District Judge
Name and Title of Judge

7/5/12
Date

FILED ✓   RECEIVED ___
ENTERED ___   SERVED ON ___
COUNSEL/PARTIES OF RECORD

JUL 05 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DBW   DEPUTY

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 4 - Probation

Judgment - Page __2__ of __6__

DEFENDANT:       CHERYL LOIS RICHARDSON aka Cheryl Kluender (True Name)
CASE NUMBER:  3:11-CR-120-LRH-WGC

## PROBATION

The defendant is hereby sentenced to probation for a term of: **THREE (3) YEARS.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

(X)  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

(X)  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

(X)  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
    Sheet 4A - Probation

Judgment - Page __3__ of __6__

DEFENDANT:     CHERYL LOIS RICHARDSON aka Cheryl Kluender (True Name)
CASE NUMBER:     3:11-CR-120-LRH-WGC

## ADDITIONAL PROBATION TERMS

1. Possession of Weapon - The defendant shall not possess, have under his/her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. Warrantless Search - The defendant shall submit to the search of his/her person, and any property, residence, or automobile under his/her control by the probation office, or any other authorized person under the immediate and personal supervision of the probation office without a search warrant to ensure compliance with all conditions of release.

3. Alcohol Abstinence - Defendant shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants.

4. Community Service - The defendant shall complete **ONE HUNDRED (100)** hours of community service, as approved and directed by the probation office.

5. Access to Financial Information - The defendant shall provide the probation office access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which the defendant has a control or interest.

6. Gambling Prohibition - The defendant shall not enter, frequent, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved and directed by the probation office.

7. Gambling Addiction Treatment - The defendant shall not participate in any form of gambling and shall participate in a program for the treatment of gambling and pay for it at her own expense, as approved and directed by the probation office.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment - Page __4__ of __6__

DEFENDANT:       CHERYL LOIS RICHARDSON aka Cheryl Kluender (True Name)
CASE NUMBER:  3:11-CR-120-LRH-WGC

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment**              | **Fine** | **Restitution** |
|--------|-----------------------------|----------|-----------------|
| TOTALS | $ 100.00 Paid in full 4/17/12 | $ WAIVED | $ 1499.38       |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Office<br>**Case No.** 3:11-CR-120-LRH-WGC<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | $1499.38 | $1499.38 | |

**\*\*\*\* THE DEFENDANT HAS CURRENTLY PAID $995 TOWARD RESTITUTION\*\*\*\***

| TOTALS | $ _____ | $ _____ |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐   the interest requirement is waived for the  ☐ fine  (X) restitution.

   ☐   the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
    Sheet 5B- Criminal Monetary Penalties

Judgment - Page  5   of  6

DEFENDANT:         CHERYL LOIS RICHARDSON aka Cheryl Kluender (True Name)
CASE NUMBER:    3:11-CR-120-LRH-WGC

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States Postal Service | $909.38 | | |
| Ken & Margaret Spooner | 70.00 | | |
| Diane Romano | 40.00 | | |
| Clarice Lommori | 40.00 | | |
| Jennifer Draper | 100.00 | | |
| Jeannette Barton | 100.00 | | |
| Richard & Linda Elliott | 40.00 | | |
| Marianne Pinkerton | 200.00 | | |

Per AUSA - AUSO#2011R01051

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
    Sheet 6- Schedule of Payments

Judgment - Page __6__ of __6__

DEFENDANT:         CHERYL LOIS RICHARDSON aka Cheryl Kluender (True Name)
CASE NUMBER:    3:11-CR-120-LRH-WGC

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    (X)    Lump sum payment of $ 100.00 PAID IN FULL 4/17/12    .

        ☐    Not later than _____, or
        ☐    in accordance   ☐ C,   ☐ D,   ☐ E, or ☐ F below; or

**B**    ☐    Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or  ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    (X)    Special instructions regarding the payment of criminal monetary penalties:
**Restitution in the total sum of ONE THOUSAND FOUR HUNDRED NINETY NINE DOLLARS AND THIRTY EIGHT CENTS ($1499.38) with interest, payable at the rate of no less than 10% of gross income, subject to an adjustment by the court based upon ability to pay.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.